In the Matter of WILLIAM CONWAY, Respondent, against WILLIAM F. CAREY, as Commissioner of Sanitation of the City of New York, et al., Appellants.

Argued April 10, 1940; decided May 28, 1940.

*William C. Chanler, Corporation Counsel (James Hall Prothero, Paxton Blair* and *Charles F. Murphy* of counsel),

for appellants. The work formerly performed by petitioner as " Superintendent of Final Disposition " was turned over to defendant Zengerle, who was already in the department and thenceforth acted as " Engineer of Final Disposition;" this substitution in the interest of economy gave petitioner no legal right to the relief sought. (*People ex rel. Chappel* v. *Lindenthal*, 173 N. Y. 524; *Matter of Kiernan* v. *Ingersoll*, 248 App. Div. 822; 272 N. Y. 677; *People ex rel. Osterhout* v. *Williams*, 91 Misc. Rep. 95; 173 App. Div. 981; 221 N. Y. 580; *Spawn* v. *Fleming*, 208 App. Div. 582; *People ex rel. Davidson* v. *Williams*, 213 N. Y. 130; *People ex rel. Vineing* v. *Hayes*, 135 App. Div. 19.) There is no proof that an employee of the department at any time performed any of the work formerly assigned to the petitioner; it follows that there was no question of a fraud of petitioner's civil service rights for submission to a jury; the verdict is against the evidence and the weight of the evidence. (*Matter of Griffin* v. *Williams*, 168 App. Div. 63; 216 N. Y. 651.)

*Louis P. Brown* for respondent.

*Per Curiam.* The petitioner in this proceeding seeks reinstatement to the position of Superintendent of Final Disposition in the Department of Sanitation of the City of New York which he had occupied prior to the 1st day of January, 1937. On that day his position was abolished. He was then relieved on his duties and his name was entered on a preferred list. The petitioner claims that his position was not in fact abolished but that the duties of his position were improperly transferred to a substantial extent to a man named Lizee who had not previously been an employee of the city in a permanent position. (Civil Service Law [Cons. Laws, ch. 7], § 31-b.)

An examination of the record convinces us that there is no substantial evidence to support the petitioner's claim. The work of the petitioner as Superintendent of Final Disposition consisted of the supervision of the collection of refuse and its disposal at various riverside dumps about the city and particularly at Riker's Island as well as the super-

vision of the truck and scow services which brought the refuse to these dumps. It is petitioner's principal contention that Lizee took over his duties in connection with the disposal of the refuse at Riker's Island. On the island there was a district superintendent under the control and direction of the petitioner who attended to the disposition of the refuse within a bulkhead line formed by sunken scows. The petitioner had nothing to do with land fills.

On January 1, 1937, duties were assigned to Lizee relating to filling and grading on Riker's Island and to land filling operations extending over the five boroughs of the city of New York and to the installation and use of new equipment for these purposes. Prior to the abolition of petitioner's position the district superintendent took orders from the petitioner; thereafter he received his orders, not from Lizee, but from a superior of petitioner's in the Department of Sanitation. The facts stated and the further fact that Lizee went on inspection tours on Riker's Island with the district superintendent and conferred with him as to betterments in methods of disposal and as to economy of operation on the island, fall far short of proving any assumption by Lizee of the duties formerly performed by the petitioner.

The failure of proof in this respect makes it unnecessary to consider other substantial errors.

The orders should be reversed and the proceeding dismissed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Orders reversed, etc.